ANTISEPTIC FIBER PACKAGE CO. *v.* KLEIN.

PRINCIPAL AND AGENT—FRAUD—DAMAGES.

A principal· who elects to retain an article turned over to him by his purchasing. agent, after learning that the agent had received nearly all of the purchase price, paying over to the ostensible seller only a small balance due him upon a sale to the agent of the article in question, cannot recover from the agent the amount so received to his own use, if the price paid did not exceed the reasonable value of the article.

Error to superior court of Grand Rapids; Burlingame, J. Submitted October 5, 1898. Decided January 20, 1899.

Case by the Antiseptic Fiber Package Company against Eugene Klein for deceit. From a judgment for plaintiff for less than the amount claimed, it brings error. Affirmed.

*Brown & Adams,* for appellant.·

*Taggart, Knappen & Denison,* for appellee.

HOOKER, J. In 1896, the plaintiff, a corporation, was formed for the purpose of engaging in the manufacture of "Antiseptic Fiber Packages," under patents theretofore owned by the defendant and his wife. The capital stock was $10,000. The patents were put in at $5,000, stock being taken therefor; and the defendant, Klein, was made manager, at a salary of $15 per week, and he was instructed by the directors, at a regular meeting, to purchase the necessary machinery, at the lowest cash price. The machinery was delivered, and the company's checks were made therefor, payable to a Mr. Tannewitz. Tannewitz met Klein at the bank, and drew the money upon these

119 MICH.—15.

checks, and retained a portion, the rest being paid over to Klein. The plaintiff asserts that, of this money, Klein received and kept $444.14, and this action was brought soon after it discovered the fact.

The undisputed evidence shows that, about a year before the corporation was formed, Klein hired Tannewitz to make these machines, he (Klein) furnishing designs, and supervising the work of Tannewitz, and making payments to a considerable amount. The machines were completed before the defendant was employed as plaintiff's manager, and, when he was directed to procure machinery, he caused these machines to be delivered to the plaintiff, and payment to be made, as stated, by checks payable to Tannewitz, who deducted the unpaid balance due to him, turning the remainder of the proceeds over to Klein, who thereby reimbursed himself for money which he had expended, and time spent, in the construction of the machines, which he claims that he was justly entitled to do.

The plaintiff's declaration alleges that it purchased these machines from Tannewitz, through its agent, Klein, and that the price paid to its agent was $444 more than the agent paid to Tannewitz, and that, by reason of the agent's deception, it suffered damage, the measure of which is the difference between the amount received by Klein and that paid by him to Tannewitz. The evidence failed to support this theory, for it showed that Klein did not buy the machines of Tannewitz for the plaintiff, for Tannewitz did not own them. At the most, he had a lien upon them for a small balance, and we are not advised that he even claimed a lien. But it did show that Klein turned over to the company machinery belonging to himself, at a price fixed by him; and there is testimony tending to show that he concealed the facts from the officers and stockholders of the company, though he testified that it was understood. There is nothing in the record to show that the machinery was not of good quality, or that it was in any way unsatisfactory. The plaintiff kept it, and apparently found it acceptable. While it is true that

the agent could not bind the company by such a contract as he made on its behalf, unless its other officers chose to ratify the bargain, it does not follow that it could keep the machinery and compel a return of the money paid. It might return the property and recover the consideration, or it might perhaps keep the property and recover the excess paid over its reasonable value, upon a proper declaration. Counsel requested the court to direct a verdict in favor of the plaintiff for the full amount of the checks, less the amount retained by Tannewitz, upon the theory that this was the price paid for the machines. The court properly refused this request, for it was clearly shown that the cost of the machines was more than this, Tannewitz having received considerable money upon his labor and material furnished before the plaintiff directed the defendant to procure the machines; and this was as much a part of the cost of the machines as that paid afterwards. No good reason has been suggested why the plaintiff should not pay the full cost of the machines if it chooses to keep them, at least so long as such cost did not exceed the reasonable value of such machines.

The jury rendered a verdict for the plaintiff for $45.24, and the plaintiff has brought error.

It is contended on the part of the defendant that it is unnecessary to consider the assignments of error, for the reason that the uncontradicted evidence shows that the court should have directed a verdict for the defendant. It is urged that the testimony did not support the declaration, failing to show that it purchased the machinery of Tannewitz, but showing clearly that Klein attempted to sell machinery of his own to the plaintiff; and it is maintained that if the variance could be disregarded, and the declaration treated as sufficient, the plaintiff failed to prove a case, because there was no testimony tending to show that the plaintiff paid more than the machines were worth. Counsel for the plaintiff lay great stress upon the concealment by the defendant of the fact that he sold his own machines to the company, and insist that the plaintiff was

entitled to keep the machines, and pay therefor only a small fraction of their actual value, viz., the small balance paid Tannewitz; but we think there is much force in the defendant's contention that it must pay the reasonable value of the machines, having decided to keep them. It is true, as counsel for the plaintiff maintain, that the law does not permit an agent to bind his principal by a purchase from himself, without the principal's assent, such contracts being void, or at least voidable; but, on the other hand, it does not permit the principal to keep property so purchased, and refuse to pay anything therefor. The evidence clearly shows that this machinery could not have been procured any cheaper. It also shows, and the jury must have found, that the plaintiff had no claim upon the interest that the defendant had in it, though they gave the plaintiff a verdict for $45, apparently placing a less value on Klein's services than he did. We are of the opinion that the verdict is quite as favorable to the plaintiff as the facts and pleading warrant.

The judgment is therefore affirmed.

The other Justices concurred.